UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

MATTHEW KALE, an individual,

    Plaintiff,

v.                                                                              Case No. 5:22-cv-5081

AERO SIMULATION, INC.

    Defendant.

_____/

### *DEFENDANT, AERO SIMULATION, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT*

    Defendant Aero Simulation, Inc. ("ASI"), by and through its undersigned attorneys, hereby files it Response in Opposition to Plaintiff Matthew Kale's Motion for Leave to File Amended Complaint ("Motion"), [Doc. 22], objects to the Motion, and requests that the Motion be denied.

### DISCUSSION

    Plaintiff's Motion should be denied because the Amended Complaint is futile. While Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires, leave may be ***denied*** for reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non- moving party, or futility of the amendment . . . ." *Becker v. Univ. of Nebraska at Omaha*, 191 F. 3d 904, 907-908 (8th Cir. 1999) (citing *Brown v. Wallace*, 957 F. 2d 564, 566 (8th Cir. 1992)). "There is no absolute right to amend." *Id*.

    "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Zutz v. Nelson*, 601 F. 3d 842, 850–

51 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F. 3d 778, 782 (8th Cir. 2008)). Plaintiff's proposed Amended Complaint does not cure the infirmities present in the original Complaint, and it also cannot survive a motion to dismiss for the reasons ASI outlined in its Brief in Support of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim.[1] [Doc. 13.].

Specifically, in the proposed Amended Complaint, Plaintiff still fails to plead any facts supporting a disability claim or that he was a disabled person as defined by the ADA, that ASI was aware of any purported disability, or that ASI perceived him as disabled. Additionally, Plaintiff still has failed to exhaust his administrative remedies to support a disability discrimination claim, as he did not file a charge of discrimination alleging disability. As such, the Fifth and Seventh causes of action[2] of the proposed Amended Complaint would not survive a motion to dismiss.

Plaintiff's proposed First, Second, and Third causes of action cannot withstand a motion to dismiss because those claims can only be brought against the government. ASI is not a governmental entity or agency. Plaintiff has not pled and cannot plead any facts to suggest otherwise. Further, Plaintiff has not asserted (and cannot assert) any facts to support a claim that ASI is a government actor, state actor, or performs under the color of the law. Plaintiff's own allegations would belie any such contention, as the proposed Amended Complaint alleges that ASI is "a federal contractor" and "provides services for commercial and military training." Doc. 22-1 ¶ 9. Accordingly, Plaintiff's request for leave should be denied.

The purported Fourth and Sixth causes of action also would crumble under a motion to dismiss because Plaintiff fails to set forth a legal basis for an entitlement to a "reasonable

---

[1] ASI incorporates by reference its arguments outlined in its Brief in Support of Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for Failure to State a Claim. Doc. 13.

[2] The Seventh Cause of Action is listed on page 33 of the Amended Complaint, [Doc. 22-1], although it is titled as the "Fourth Cause of Action," perhaps due to a scrivener's error.

accommodation."  These claims also fail because Plaintiff's allegations are contradictory.  For example, Plaintiff states that **testing** for SARS-CoV-2 **was one of "the types of reasonable accommodations employers must consider when they receive requests for religious accommodations**, [Doc. 22-1 ¶ 148; *see also* ¶ 150].  Yet, Plaintiff admits in the amended complaint that ASI offered a reasonable accommodation, the testing, and he objected to it.  Doc. 22-1 ¶¶ 2, 20, 37.  The Amended Complaint would be futile on this basis alone.

Although Plaintiff filed the original Complaint *pro se*, [Doc. 1], the proposed Amended Complaint fails to comply with Federal Rule of Civil Procedure 8 because nearly half of it contains editorial comments, digressing from the requisite focus on a short and plain statement of the claims showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.").  The proposed Amended Complaint contains a 14-page superfluous diatribe of criticism on the development of the COVID-19 vaccine, the efficacy of the vaccine, the health risks of the vaccine, and "Eugenics Era" doctrine that is replete with references and citations to articles, medical journals, and a TV news program.  Doc. 22-1 p. 6–20.  This commentary offers no factual support for Plaintiff's claims of religious discrimination, disability discrimination, or constitutional and statutory violations.

For these reasons, ASI requests that the Court deny Plaintiff's Motion for Leave to File Amended Complaint.

## **CERTIFICATE OF SERVICE**

I, Laura K. Hensley, do hereby certify that I am a member of the BOYCE LAW FIRM, L.L.P., attorneys for Defendant ASI and that on the 6th day of January, 2023, I electronically filed the foregoing ***Defendant, Aero Simulation, Inc.'s Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint*** using the CM/ECF system, which will effect service on the following: Anna Limoges, Esq. of Goosmann Law Firm, PLC, 2101 W. 69th Street, Suite 200, Sioux Falls, South Dakota 57108 at limogesA@Goosmannlaw.com; Robert Barnes, Esq. and Lexis Anderson, Esq. of Barnes Law, 700 S. Flower Street, Suite 1000, Los Angeles, California 90017 at robertbarnes@barneslawllp.com and lexisanderson@barneslawllp.com on.

*/s/ Laura K. Hensley*
Laura K. Hensley, Esq.
Boyce Law Firm, L.L.P.
300 S. Main Avenue
P.O. Box 5015
Sioux Falls, SD 57117-5015
Phone: (605) 336-2424
Email: lkhensley@boycelaw.com

And

Eduardo A. Suarez-Solar, Esq., *pro hac vice*
Florida Bar No.: 958875
Holly Griffin Goodman, Esq., *pro hac vice*
Florida Bar No.: 093213
Jounice L. Nealy-Brown, Esq., *pro hac vice*
Florida Bar No.: 124793
Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 1500
Tampa, Florida 33602
(813) 739-6952; Fax: (813) 228-6739
Email: esuarez@gunster.com
hgoodman@gunster.com
jnealy-brown@gunster.com
tkennedy@gunster.com
cstgeorge@gunster.com
eservice@gunster.com
**Attorneys for Defendant, Aero Simulation, Inc.**